UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| CHERYL MCCANTS, on behalf of the ESTATE OF PETTIS NIX in her capacity as Personal Representative/Executor of the Estate of Pettis Nix,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.: 5:21-cv-01327-LCB<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant United States of America's Motion to Dismiss, or in the Alternative, for Summary Judgment. (Doc. 7). For the reasons that follow, the government's motion to dismiss is **GRANTED**.

## BACKGROUND

This case arises from the death of Pettis Nix. Mr. Nix died on July 26, 2014, after an extended period of treatment and care with the Department of Veterans Affairs. (Doc. 1 at 5-18). In his will, Mr. Nix appointed Plaintiff Cheryl McCants as the executor of his estate. (Doc. 7-1 at 8). On October 4, 2021, Ms. McCants filed this case *pro se* under the Federal Torts Claim Act, 28 U.S.C. §§ 1346(b), 2671-2680, the Alabama Medical Liability Act, Ala. Code §§ 6-5-548, 6-5-549, 6-5-549.1,

1

and the Alabama Wrongful Death Statute, Ala. Code § 6-5-410, alleging that the VA and several of its physicians negligently caused Mr. Nix's death. (Doc. 1). Ms. McCants purported to sue the VA "in her capacity as the duly appointed personal representative and executor of the Estate of Pettis Nix, on behalf of the estate of Pettis D. Nix". (Doc. 1 at 1). Additionally, in the case caption, Ms. McCants referred to herself as "Cheryl McCants, on behalf of the ESTATE OF PETTIS NIX in her capacity as Personal Representative/Executor of the Estate of Pettis Nix". *Id.* Ms. McCants also signed her complaint as "Cheryl McCants, Executor of the Estate of Pettis Nix". *Id.* at 26.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must include enough facts to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8's standards; nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to

the non-moving party. *Watts v. Fla. International Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

When reviewing a Rule 12(b)(6) motion to dismiss, a court must "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 Fed. App'x. 136, 138 (11th Cir. 2011) (*per curiam*) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2011)). That task is context specific, and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court

determines that well-pleaded facts, accepted as true, do not state a claim that is plausible on its face, the claims must be dismissed. *Twombly*, 550 U.S. at 556, 570.

## DISCUSSION

The issue first before the Court centers on Ms. McCants's status as a *pro se* litigant. In short, the parties dispute whether Ms. McCants can bring her particular claims as a *pro se* plaintiff. The government argues that Ms. McCants proceeds on behalf of Mr. Nix's estate, so she is not pursuing her individual claims. Ms. McCants asserts that her claims are not on the estate's behalf, so the claims do not bar her from proceeding *pro se*. The arguments implicate the most basic theories of the right to litigate *pro se* and raise important questions about the limits of a non-attorney to pursue claims in a court of law.

In federal courts, some parties have the right to pursue their claims without counsel. Specifically, 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. The Northern District of Alabama, in turn, promulgated a local rule governing *pro se* litigants. Local Rule 83.1(d) provides that "[i]n all cases filed in or removed to this court, a party may appear . . . if an individual, by himself or herself *pro se*."

Alabama state law similarly grants certain parties the right to pursue their claims *pro se*. For instance, the Alabama Constitution grants individuals the right to proceed in Alabama courts with or without counsel. Ala. Const. Art. I, § 10. ("That no person shall be barred from prosecuting or defending before any tribunal in this state, by himself or counsel, any civil cause to which he is a party."). These rules are innocuous enough. They provide that an individual may pursue their own claims—or defend against claims brought against them—without counsel.

But the right to proceed *pro se* is not limitless. An individual proceeding *pro se* is not an attorney. In general, courts restrict non-attorneys from representing the interests or rights of other parties. An example from this Circuit is *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008). There, the plaintiff attempted to bring a *qui tam* action[1] under the Federal Claims Act *pro se*. The court explained that a *qui tam* suit under the FCA is not personal but is in the federal government's interests. Ultimately, the court held that the right to proceed *pro se* under § 1654 does not extend to actions representing the rights of others.

The court's holding in *Timson* is in line with the consensus among the Circuits. *See, e.g.*, *Murray ex re. Estate of Purnell v. City of Philadelphia*, 901 F.3d

---

[1] A *qui tam* action—shortened from the Latin phrase *qui tam pro domino rege quam pro se ipso in hac parte sequitur* meaning "who as well for the king as for himself sues in this matter"—is "[a]n action brought under a statute that allows a private person to sue for a penalty, part of which the government or some specified public institution will receive." *Qui tam action*, Black's Law Dictionary (11th ed. 2019).

169, 170-71 (3d Cir. 2018); *Guest v. Hansen*, 603 F.3d 15, 20-21 (2d Cir. 2010); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *United States v. Onan*, 190 F.2d 1, 6 (8th Cir. 1951).

While surveying the law of the Circuits, however, one notable exception relevant to this case emerges. When a party proceeds on an estate's behalf, and is that estate's only beneficiary, courts allow them to proceed *pro se* despite their legal status as a representative for the interests of another. For example, in *Rodgers v. Lancaster Police & Fire Dept.*, 819 F.3d 205 (5th Cir. 2016), a mother attempted to proceed *pro se* on behalf of her son's estate for a Texas wrongful death claim. The Fifth Circuit held that an estate's representative can proceed *pro se* if they are the estate's sole beneficiary. *Id.* at 210-11. The logic is easy enough to follow. Although proceeding on another party's behalf, the actual benefits will flow solely to the representative, so the representative is in effect representing exclusively their own interests.

Conversely, when an estate has multiple beneficiaries, the representative cannot proceed *pro se*. In *Jones ex rel. Jones v. Correctional Medical Servs., Inc.*, an administrator of an estate attempted to proceed *pro se*. 401 F.3d 950 (8th Cir. 2005). The Eighth Circuit held that a *pro se* party cannot represent an estate with multiple beneficiaries. *Id.* at 952. The court reasoned that an opposite conclusion would allow a *pro se* party to represent the interests of multiple parties.

6

This federal treatment of estate representatives is consistent with Alabama state law. In *Ex parte Ghafary*, the Alabama Supreme Court held that the state's *pro se* code section "prohibits a nonattorney executor or personal representative from representing an estate before a court of law. Thus, the complaint filed by [the] executrix was a nullity . . . ." 738 So. 2d 778, 781 (Ala. 1998). To sum it up, when an individual brings a claim that benefits only themselves, they may proceed *pro se*. When a claim will necessarily benefit a class of other parties, however, the individual litigates the rights and interests of others and cannot proceed *pro se*.

In this case, the government argues that Ms. McCants exceeds the limits of proceeding *pro se* because her claim is on Mr. Nix's estate's behalf, and she is not the estate's sole beneficiary. (Doc. 7 at 8-13). Ms. McCants responds that Alabama law makes clear that a wrongful death action is not brought on a decedent estate's behalf. (Doc. 10 at 2-8). The government does not meaningfully address Ms. McCants's argument in its reply. Rather, the government focuses on the form of Ms. McCants's complaint, highlighting the case caption and Ms. McCants's signature. (Doc. 12 at 3).

But the government's focus on the complaint's form is misplaced. Ms. McCants, despite this dispute, is still a *pro se* litigant. And "[a] document filed pro se is to be liberally construed[,] . . . and a pro se complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers". *Erickson v. Pardus*,

7

551 U.S. 89, 94 (2007). As shown above, the substantive nature of the claims a *pro se* litigant pursues determines whether the litigant has a right to proceed *pro se*. Given the unique importance of the underlying claims, the Court finds that, in this case, it must evaluate the nature of Ms. McCants's claims to determine if she may pursue the claims *pro se*. Accordingly, the Court will not dismiss Ms. McCants's complaint based on its form alone. Thus, the question before the Court is whether Ms. McCants's claims are individual or on the behalf of others.

Turning to the complaint, Ms. McCants sues the VA under the Federal Tort Claims Act, the Alabama Medical Liability Act, and the Alabama Wrongful Death Statute. (Doc. 1 at 1). In essence, Ms. McCants brings an Alabama wrongful death action against the VA through the FTCA. That is because the FTCA adopts state law wholesale. The FTCA's jurisdictional grant covers "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). *See also* 28 U.S.C. § 2674. The United States Supreme Court, evaluating the FTCA as a whole, found that "the extent of the United States' liability under the FTCA is generally determined by reference to state law." *Molzof v. United States*, 502 U.S. 301, 305 (1992). The Eleventh Circuit has further verified that the FTCA "requires that the 'whole law of the State where the act or omission occurred' . . . be applied."

*Gonzalez-Jiminez De Ruiz ex rel. Gonzalez v. United States*, 378 F.3d 1229, 1230 n.1 (11th Cir. 2004) (quoting *Richards v. United States*, 369 U.S. 1, 11 (1962)).

Given the FTCA incorporates state law, the Court's focus is whether an Alabama wrongful death action is personal or on behalf of others. While the Court agrees with Ms. McCants that her claim is not on behalf of Mr. Nix's estate, she still cannot proceed *pro se* because her claim litigates other parties' interests. No cause of action for wrongful death existed under the common law, so wrongful death claims are brought exclusively under the Alabama Wrongful Death Statute. *Waters v. Hipp*, 600 So. 2d 981, 982 (Ala. 1992). The statute provides that "[a] personal representative may commence an action and recover such damages . . . for the wrongful act, omission, or negligence of any person . . . whereby the death of the testator or intestate was caused". Ala. Code § 6-5-410(a). Important here, the statute explains that "[t]he damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions." Ala. Code § 6-5-410(c).

Interpreting that statutory language, the Alabama courts have clearly held that a wrongful death action under the Alabama Wrongful Death Statute is not on the decedent estate's behalf. *Kirksey v. Johnson*, 166 So. 3d 633, 645 (Ala. 2014) ("A wrongful-death action is not brought by the estate of the decedent; accordingly, the proceeds from a wrongful-death action are not part of the decedent's estate.").

However, as the statute's terms indicate, an individual who brings an action under the statute does so for the benefit of statutory beneficiaries. The Alabama Supreme Court has explained that the statutory beneficiaries make the personal representative a mere nominal party. In *Goldstein v. Cont'l Motors, Inc.*, 270 So. 3d 1148, 1154-55 (Ala. 2018) the court adopted the holding of the Alabama Court of Civil Appeals in *Scroggins v. Johnson*, 907 So. 2d 1059, 1064 (Ala Civ App. 2004). Specifically, the Alabama Supreme Court adopted the Court of Civil Appeals' explanation of a personal representative's role in litigation:

> In the context of a wrongful-death action, the sole role of a personal representative such as an administrator or an executor, "is to maintain the suit, and collect the damages and pay them over the distributees"; in other words, an administrator is "a mere agency and conduit, provided by the [wrongful-death] statute for bringing the suit, collecting the damages, and passing them over to those entitled thereto." *Hatas v. Partin*, 278 Ala. 65, 68, 175 So. 2d 759, 761 (1965) (quoting *Kennedy v. Davis*, 171 Ala. 609, 612, 55 So. 104, 105 (1911)). For this reason, the personal representative may properly be said to be "only [a] nominal or formal party." *Board of Trustees of Univ. of Alabama v. Harrell*, 43 Ala. App. 258, 261, 188 So. 2d 555, 557 (1965).

*Scroggins*, 907 So. 2d at 1064. That is, in Alabama, a personal representative in a wrongful death action proceeds on the statutory beneficiaries' behalf as a nominal party.

The parties spill much ink in their briefing about whether Ms. McCants's claims are on behalf of Mr. Nix's estate. The Court finds that clearly under Alabama law they are not. *Kirksey*, 166 So. 3d at 645. But,

contrary to what Ms. McCants argues, that alone does not give her *carte blanche* to sue the VA without counsel. Alabama law makes equally clear that as the personal representative under the Alabama Wrongful Death Statute, McCants is a mere nominal party litigating the claim on the statutory beneficiaries' behalf. *Goldstein*, 270 So. 3d at 1154-55. Further, Ms. McCants admits in her response that she is not the statutory beneficiary class's sole member. (Doc. 10 at 5 n.1). That admission proves fatal. Ms. McCants, as a nominal party who is admittedly proceeding for a class of others under the Alabama Wrongful Death Statute, litigates the interests and rights of others. *See Timson*, 518 F.3d at 873. Therefore, Ms. McCants is not exclusively representing her own interests and therefore cannot proceed *pro se*. Accordingly, under Alabama law, her complaint is a legal nullity.[2] *See Ex parte Ghafary*, 738 So. 2d at 781.

Ms. McCants advances one final argument meriting attention. She contends that, because of the statutory beneficiaries, "the only thing that the personal representative is obligated to do is that in the event he/she chooses to maintain a wrongful death case in Alabama and is successful, an actual or

---

[2] As the government points out in its reply, Ms. McCants's original complaint is a legal nullity. (Doc. 12 at 2). In conjunction with her response, Ms. McCants purported to file an amended complaint. *See* (Doc. 11). But, because the original complaint is a legal nullity, amendment is futile.

constructive trust appears to be created and they are obligated to *collect and disburse* the damages awarded." (Doc. 10 at 11). In other words, McCants asserts that the right to sue under the Alabama Wrongful Death Statute is individual, but a successful award makes her a trustee administering a constructive trust on behalf of the statutory beneficiaries.

This argument is creative, but unavailing. First, Alabama law is clear that the personal representative *litigates* on behalf of the statutory beneficiaries, not themselves. *Goldstein*, 270 So. 3d at 1154-55. Second, if McCants is right that the statute creates a constructive trust and appoints her the trustee, she would still pursue a claim on other parties' behalf. Without venturing too far into the weeds, the principles of trust law defeat Ms. McCants argument. Trustees in Alabama owe beneficiaries a fiduciary duty of loyalty. Ala. Code § 19-3B-802. Paramount to that duty is the principle that "[a] trustee shall administer the trust solely in the interests of the beneficiaries." *Id.* § 19-3B-802(a). Put simply, Ms. McCants's argument fails because she argues that she can proceed *pro se* on her own behalf in order to create a situation where she acts "solely in the interests of the beneficiaries." *Id.* Accordingly, she cannot proceed *pro se*.

## **CONCLUSION**

For these reasons, the government's motion to dismiss (Doc. 7) is **GRANTED**, and Ms. McCants's complaint is **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this April 4, 2022.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE